IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL HERRERA, ) | 1:09cv01803 AWI DLB |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| ) | |
| vs. ) | (Document 10) |
| CITIMORTGAGE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Miguel Herrera filed the instant action in Kern County Superior Court on June 19, 2009, against Defendants CitiMortgage, Inc. and First NLC Financial, LLC. Defendant CitiMortgage, Inc. removed the action to this Court on October 13, 2009.

On November 23, 2009, pursuant to Plaintiff's notice of voluntary dismissal, Defendant CitiMortgage, Inc. was dismissed from this action. There is no proof of service on file indicating that the remaining defendant, First NLC Financial, LLC, was served with the summons and complaint. Defendant First NLC Financial, LLC has not made an appearance in this action.

On December 18, 2009, the Court issued an Order to Show Cause why the action should not be dismissed for Plaintiff's failure to properly serve the complaint, failure to appear at the mandatory scheduling conference, and failure to prepare a joint scheduling report. The Court ordered Plaintiff's

1

counsel to appear in person at a show cause hearing.

On December 31, 2009, Plaintiff's counsel appeared at the show cause hearing and indicated that this action would be voluntarily dismissed as to the remaining defendant, First NLC Financial, LLC. Based on counsel's representation, the Court discharged the order to show cause and directed Plaintiff to file a notice of voluntary dismissal within fourteen days. More than fourteen days have passed and Plaintiff has not filed a notice of voluntary dismissal or otherwise communicated with this Court. As discussed below, the Court recommends that the action be dismissed.

## DISCUSSION

Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since October 13, 2009. To date, Plaintiff has failed to file proof of service of the summons and complaint as to Defendant First NLC Financial, LLC. He also failed to appear for the December 17, 2009, scheduling conference and failed to file dismissal documents in contravention of his representations and this Court's order. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's December 18, 2009, order to show cause expressly stated that failure to respond would result in a recommendation of dismissal of the action. Although Plaintiff's counsel appeared at the show cause hearing, the Court discharged the order to show cause based on representations that the action would be voluntarily dismissed. Plaintiff has not filed dismissal documents. He has been warned that a recommendation of dismissal would result from non-compliance with the Court's orders.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's failure to follow the Court's order and/or failure to prosecute this action.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall

1 | be served and filed within fourteen (14) days after service of the objections. The Court will then
2 | review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised
3 | that failure to file objections within the specified time may waive the right to appeal the District
4 | Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 23, 2010**                     **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE

4